TOWN OF CASSVILLE, in whose name &c., vs. MORRIS and others.

Under section 81, chapter 23, R. S., 1858, justices of the peace have jurisdiction of actions in which a school district is a party interested, when the amount claimed by the plaintiff does not exceed one hundred dollars.

Where a new town is formed out of part of an existing one, the superintendent of the former is entitled to recover from the treasurer of the latter and the sureties on his official bond, by an action in the name of the persons or officers to whom such bond was given, such portion of the county school tax collected before the division, as justly belongs, under the provisions of the school law, to the districts and parts of joint districts which fall within the new town.

APPEAL from the Circuit Court for *Grant* County.

This action was commenced before a justice of the peace, by the town superintendent of the town of Glen Haven in Grant county, in the name of the supervisors of the town of Cassville in the same county, against *Samuel Morris*, treasurer of said town of Cassville, and the sureties on his official bond, a copy of which was attached to the complaint. The complaint alleged, in substance, that in November, 1859, the county board of said county set off part of the town of Cassville into a new town under the name of Glen Haven, which was organized in April, 1860; that certain school districts and parts of districts which had lain within the town of Cassville, were, after such division, within the town of Glen Haven; that the sum of $79 89, which came into the hands of said *Morris*, as a part of the county school tax ordered by said county board at its annual session in 1859, belonged

June Term,
1861.

TOWN OF CASS-
VILLE
v.
MORRIS et al.

justly to said districts and parts of districts, and they were entitled to have said moneys apportioned among them according to the number of scholars in each; and that *Morris* had refused, on demand, to pay over said moneys, &c. The defendants demurred to the complaint on the following grounds : 1. The court had no jurisdiction of the person of the defendant, or of the subject of the action.· 2. The town superintendent of Glen Haven had no legal capacity to sue the town treasurer of Cassville and his sureties, on his official bond. 3. The town superintendent of Glen Haven should be joined with the nominal plaintiff. 4. In an action in behalf of a joint district, the town superintendents of the towns in which such joint district lay, should join; and the claims of the joint and the separate districts were improperly united in one action. 5. The complaint did not state facts sufficient to constitute a cause of action.

The justice overruled the demurrer, and rendered judgment for the plaintiff. The defendant appealed to the circuit court, which sustained the demurrer and rendered judgment against the plaintiff for costs.

*Mills & McKee*, for appellant, cited R. S., 1858, chap. 23, sections 95, 96, 45; Laws of 1860, chap. 352, sec. 3.

*Dewey & Dunn*, for respondents.

*By the Court*, COLE, J. We do not see why the complaint in this case is not sufficient. The statute gives justices of the peace jurisdiction of cases in which a school district is a party interested, when the amount claimed by the plaintiff does not exceed one hundred dollars. Section 81, chap. 23, R. S., 1858. Section 95 of that chapter authorizes the town superintendent, in case of default of the town treasurer or county treasurer to pay over to him the school moneys which by law should be paid to him, to commence an action on the official bond of such treasurer to recover such moneys. The next section gives the school district or town superintendent full power to commence the action in the names of the persons or officers to whom the bond is given, and the right to control the action and prosecute the same to judgment, without the interference of the nominal

December 11.

June Term,
1861.

TOWN OF CASS-
VILLE
v.
MORRIS et al.

plaintiffs, but renders the real plaintiff liable for costs.   The law likewise makes it the duty of the town superintendent to receive and apportion all the school moneys belonging to school districts lying wholly or partly within his town.   Our school law, all the way through, contemplates and provides for the formation of joint school districts lying in two or more adjoining towns.   Such an arrangement of school districts is frequently required to accommodate the people, and to secure the most benefits from the common schools.   Hence ample provision is made for the organization of such districts.   And when a school district is formed of two or more adjoining towns, the law makes it the duty of the district clerk to make his report to the superintendent of each such adjoining town, of the number of children entitled to draw public money who may be in such part of the district as lies within that town, and the superintendent then apportions the money for such part of the district as is within his town. The town superintendent of Glen Haven is most unquestionably entitled to sue for and collect such moneys as may have come into the hands of the town treasurer of Cassville, and which may justly belong to those parts of school districts within the limits of the town of Glen Haven.   As we understand the complaint, it is framed for the purpose of recovering such moneys.   Whatever moneys the respondent has, belonging to parts of districts in the town of Glen Haven, the appellant is entitled to recover.   The parts of districts in behalf of which the town superintendent of Glen Haven sues, are clearly entitled to their share of the school moneys collected in the town of Cassville, and they have not lost their right to these moneys in consequence of being attached to or set off into the former town.   This is the cause of action set forth in the complaint, and we think it is a good one.

The order of the circuit court sustaining the demurrer to the complaint, is reversed, and the cause remanded for further proceedings.