BRIGGS VS. SCHOOL DISTRICT NO. 1 OF THE TOWN OF ERIN PRAIRIE and another.

*Division of school district—Liability for debt of old district.*

1. When the territory composing school district A. was divided, and four sections thereof, with other territory, erected into school district B., and the remaining twenty-four sections into school district C., the last mentioned district was alone liable for the debts of school district A., as being the same district under another name.

2. A "notice" to both districts B. and C. of the existence of orders issued by district A., with a request to them to "provide for the payment thereof as required by law," *held*, not to constitute such a demand of payment upon district C. as was necessary to sustain an action against it.

APPEAL from the Circuit Court for *St. Croix* County.

Action upon two orders drawn by the clerk and director of "School District No. 2 of the town of Cylon," in said county, upon the treasurer of that district, in favor of the plaintiff. The complaint states that after the delivery of the order, the territory composing said district No. 2 was divided, and a part of said territory (to wit: four specified sections of T. 30, R. 17), was, with other territory, erected into and now composes *School District No. 1 of the Town of Erin Prairie*; and the remainder of the territory then composing said "District No. 2 of the town of Cylon" (to wit: twelve specified sections of T. 30, R. 16, and twelve specified sections of T. 30, R. 15), was erected into and now composes *School District No. 1 of the Town of Emerald*, which is the second defendant herein. It then states that since said division, there has been no proper officer of said "District No. 2 of the town of Cylon," upon whom a demand for payment of said orders could be made; and that they had not been presented to defendants and payment demanded, because the amount justly due from each of them on said orders could not be ascertained without the aid of the court; but that defendants had been notified of their existence and requested

to provide for their payment as required by law, but had refused to do so.

Demurrers to the complaint, as not stating a cause of action, sustained; and plaintiff appealed.

*H. C. Baker* and *H. A. Wilson*, for appellant, cited *School Dist. No. 3 v. Macloon*, 4 Wis., 79.

*Allan Dawson*, for respondents.

COLE, J.    It appears from the complaint that a portion of the territory formerly embraced in School District No. 2 of the town of Cylon has been detached, and with other territory has been formed into and now composes *School District No. 1 of the town of Erin Prairie*.    The remainder of the territory forms what is now called *School District No. 1 of the town of Emerald*.    We do not know upon what principle the new district, *District No. 1 of the town of Erin Prairie*, can be held liable for the payment of any part of the orders mentioned in the complaint.    They are properly liabilities against the old district, and not against the new.    It appears, however, that the name of the old district has been changed.    But this does not release it from its debts and liabilities.    *School District No. 1 of the town of Emerald* is still liable on these orders, and payment can be enforced against it.

It appears that since the division of the district, the orders have not been presented to the treasurer of *District No. 1 of the town of Emerald* for payment, as they should have been.    And this constitutes the great difficulty in maintaining the action even against that district.    For, before commencement of this suit, the orders should have been presented to the treasurer of *District No. 1 of Emerald*, and payment demanded.    And because the complaint shows that this has not been done, it is clear that no cause of action is stated against this district.

*By the Court.*—The order sustaining the demurrer is affirmed.