Joint School District No. 8 vs. School District No. 5.

JOINT SCHOOL DISTRICT No. 8 OF THE TOWNS OF HARMONY, JEFFERSON, AND STERLING, Appellant, vs. SCHOOL DISTRICT No. 5 OF THE TOWN OF HARMONY, Respondent.

*March 10 — March 27, 1896.*

*School districts: Division: Apportionment of school funds.*

1. Where a newly created school district had not existed for a sufficient length of time to enable its clerk to make a report, under sec. 462, R. S., showing that all school money received from the state by such district had been used in paying a legally qualified teacher, and that a school had been taught in such district by such a teacher for at least six months during the year, it was not entitled, under sec. 558, to have any part of the town school fund apportioned to it, and cannot recover from an older district, a part of whose territory had been detached to form the new district, the amount apportioned to such older district on account of persons of school age residing in the territory so detached. *Cassville v. Morris,* 14 Wis. 440; *School Directors of Pelican v. School Directors of Rock Falls,* 81 Wis. 428; *School Directors of Eagle River v. School District No. 1,* 81 Wis. 543, distinguished.

2. Where a portion of the territory of one political subdivision is detached to form a new one, the former, in the absence of a statute providing otherwise, retains all its property, powers, rights, and privileges.

Joint School District No. 8 vs. School District No. 5.

Appeal from an order of the circuit court for Vernon
county: O. B. Wyman, Circuit Judge. *Affirmed.*

The complaint sets forth, by appropriate and sufficient
allegations, substantially that the plaintiff school district,
prior to February 27, 1892, constituted a part of several
other districts, and among them *School District No. 5 of the
Town of Harmony,* defendant, on which date such proceed-
ings were duly had that an order was made creating plaint-
iff school district, to take effect May 28, 1892. The district
was duly organized June 11, 1892, by the election of officers,
and thereafter the clerk, in July, made his report in due
form pursuant to sec. 462, R. S., showing the number of
school children therein between the ages of four and twenty
years to be twenty-seven. No report was made in respect
to the time school had been maintained, or to the payment
of money derived from the school fund to teachers, because
the district had not yet existed for a sufficient length of
time to enable a report to be made covering such matters.
The districts from which the territory was detached to form
the new district complied with all the conditions precedent
to the right to share in the school fund under sec. 558, R. S.

On the 9th of January, 1893, the town clerk of the town
of Harmony apportioned the school fund to the several dis-
tricts in his town except plaintiff district, in which appor-
tionment he awarded to defendant $36.55 on account of the
twenty-seven persons of school age reported by the clerk of
plaintiff district as residing therein, which sum was after-
wards paid to the defendant by the town treasurer. De-
mand was made by the treasurer of the plaintiff on the
treasurer of the defendant for the money so paid, which de-
mand was refused, and thereupon this action was brought
to recover the same. The action in form is for money had
and received by defendant for the use and benefit of plaint-
iff. Defendant demurred to the complaint upon the ground
that it does not state facts sufficient to constitute a cause of

action. The court sustained the demurrer, and plaintiff appealed.

For the appellant there was a brief by *C. M. Butt* and *C. W. Graves*, and oral argument by *Mr. Graves*.

For the respondent there was a brief by *Smith & Griffin*, and oral argument by *C. J. Smith*.

MARSHALL, J. The sole question is, Does the complaint state facts sufficient to show that the $36.55 paid to respondent on account of the twenty-seven children resident in the appellant district on the last day of June, 1892, belongs to the plaintiff?

By sec. 462, R. S., it is made the duty of the school district clerk between the 10th and 15th days of July in each year to make and transmit to the town clerk a report dated the 10th day of July of such year, showing, among other things, the number of children between the ages of four and twenty years residing in such district on the last day of the preceding June; the number of days' time any common school has been taught in the district, including holidays, and the whole number of days' time such school has been taught by teachers qualified according to law, including holidays; and the amount of money received for the preceding year from the state school-fund income, and the manner in which the same has been expended.

Sec. 558, R. S., provides that "the town clerk shall apportion all school money . . . raised by the town among the several school districts and parts of districts within the town in proportion to the number of school children between the ages of four and twenty years residing in each, taking such number from the last annual reports of their respective clerks;" that "if, after the date of such reports, any district shall have been altered or a new one formed, so as to render an apportionment founded on such annual reports unjust between any district, the town clerk shall ascertain the num-

ber of such children residing in each district thus altered
and formed, by the best evidence within his reach, and ap-
portion the school money to such districts in proportion to
the number of such children residing therein at the time
the apportionment. is made. . . . No money shall be ap-
portioned to any district, or part of a district, . . . un-
less the last annual report thereof . . . shall show that
all school money received from the state during the year
ending with the date of such report, has been applied to
the payment of the wages of a legally qualified teacher, and
that a school has been taught in such district by such a
teacher for at least six months during the year ending with
the date of such report. . . ."

From the foregoing it is obvious that the statute (sec. 558)
makes no provisions for the apportionment of any part of
the town school fund to any district, unless the report re-
quired by sec. 462, R. S., for the year such apportionment
is made, shows that the school money received from the
state by such district for such year has been applied to the
payment of the wages of a lawfully qualified teacher, and
that a school has been taught in such district by such teacher
for at least six months during such year. No such report
from plaintiff district was or could have been on file when
the apportionment of town school money was made. It fol-
lows necessarily that plaintiff has no statutory right to the
$36.55 for which the action was brought. In *Cassville v.
Morris*, 14 Wis. 440, to which our attention is called, only
the question of whether a district loses its right to share in
the apportionment of school money by reason of the terri-
tory comprising such district being set off, with other terri-
tory, to form a new town, the district organization remaining
the same, was involved,— a different question than the one
here presented. Our attention is also called to *School Di-
rectors of Pelican v. School Directors of Rock Falls*, 81 Wis.
428, and *School Directors of Eagle River v. School Dist. No. 1*

O'Connor vs. Chicago & Northwestern R. Co.

*of Merrill*, 81 Wis. 543, neither of which appears to have any bearing on the question here presented. The right of the school board in both cases was based on a statute, not on the application of equitable principles.

It is conceded in this case, as we understand it, that the complaint does not state facts sufficient to show a right by statute to the money claimed. That being so, the rule of the common law governs; i. e. when a portion of the territory of one political subdivision is detached to form a new one, the former retaining its organization, in the absence of a statute providing otherwise, it retains all its property, powers, rights, and privileges. *Milwaukee v. Milwaukee*, 12 Wis. 93; *Depere v. Bellevue*, 31 Wis. 120; *Crawford Co. v. Iowa Co.* 2 Pin. 368; *Briggs v. School Dist. No. 1*, 21 Wis. 348.

It follows from the foregoing that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.