TOWN OF EMERY, Respondent, vs. TOWN OF WORCESTER, Appellant.

*November 28—December 15, 1908.*

*Towns: Detaching of territory and creation of new boundaries: Adjustment of pre-existing assets and liabilities: Actions: Conditions. precedent: Pleading: Complaint: Demurrer.*

1. Sec. 672, Stats. (1898), provides that whenever territory shall be detached from any town and annexed to another town, the town to which it is annexed shall receive from the town from which it was detached its just share of credits, "which shall be apportioned in the manner herein provided;" and an earlier part of the section provides that when a new town is created out of part of an old one, the county board shall, by the ordinance of division, apportion the indebtedness of the old town by dividing it *pro rata* according to the last assessment roll. *Held*, that thereby the power and duty is imposed on the county board to ascertain and determine the amount the town to which the detached territory is annexed is entitled to receive from the

other town as the share of the latter's credits apportionable to the detached territory upon the basis of apportionment prescribed.

2. Such ascertainment by the county board is a condition precedent to the existence of any right enforceable in court to the share of the credits of the old town, since no right to any such share exists at common law and independent of this very statute.

3. In such case an attempted remission or delegation of the duty imposed on the county board to the two town boards is no compliance with the statute.

4. In such case where the complaint fails to allege such precedent action by the county board a demurrer should be sustained.

APPEAL from an order of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

The complaint alleges that November 12, 1903, the county board of Price county by adoption of an ordinance to be in full force and effect after April 1, 1904, did change the boundary line between plaintiff and defendant towns by detaching certain territory from the defendant and annexing it to the plaintiff, which ordinance directed that the boards of supervisors of the respective towns shall meet as soon as convenient after the next annual meeting and apportion between the towns the resources and liabilities arising by reason of this change of boundaries, as provided by sec. 672, Stats. (1898); that such town boards have refused to make any such apportionment and that none has been made, either by the county board or by the town boards or any other tribunal; that the town of *Worcester* at the time of such change had certain specified assets and liabilities which, being offset, resulted in a total of credits held by the town of *Worcester* of $28,775; that upon apportionment upon the ratio of the assessed value of the detached and remaining portions plaintiff was and is entitled to receive from the defendant the sum of $4,842.86, which has been demanded and bill therefor duly filed with the town of *Worcester* and neglected to be allowed, wherefore recovery of that amount is prayed. Upon general demurrer by the defendant the court entered order overruling same, from which the defendant appeals.

For the appellant there was a brief by *Wickham & Farr* and *Asa K. Owen,* and oral argument by *James Wickham.*

For the respondent the cause was submitted on the brief of *W. K. Parkinson.*

DODGE, J.   The action of the county board in dividing the town of *Worcester* was by authority of sec. 671, Stats. (1898).   By sec. 672, Stats. (1898), it is provided that whenever territory shall be detached from any town and annexed to another town, the town to which it is attached shall receive from the town from which detachment was made its just share of credits, "which shall be apportioned in the manner herein provided."   An earlier part of the section provides for the apportionment of indebtedness when a new town is created out of part of an old one, and commands that such apportionment be made by the county board by their ordinance of division, and that the apportionment shall be in the ratio of the last assessed value of the two portions.   It is contended by the defendant that this statute, and especially the quoted words therein, must be construed to require the apportionment of the assets or credits between the two towns by the county board in and by their ordinance of division and in the ratio above specified, while the plaintiff contends that the only significance of the last quoted words is to declare the ratio of the apportionment and that it requires no action of the county board, and hence that the right of the plaintiff to receive and duty of the defendant to pay a sum ascertained by such ratio is declared by the statute, and, on general principles, may be enforced by a court.

The words themselves, in their natural signification, apply rather to the operation by which the apportionment is made than to the ratio merely.   It seems probable that, had the legislature intended merely to prescribe such ratio or basis of apportionment, some other word than "manner" would have been adopted, as, indeed, was done in the original of the legislation on the subject of apportionment of assets or cred-

its (sec. 2, ch. 334, Laws of 1885), and as is done in the general section directing apportionment upon division of certain other municipal corporations and *quasi*-corporations (sec. 944, Stats. 1898). We have been unable to reach the conclusion that anything in the legislative history of sec. 672 or any use of similar phrases in other parts of the statutes is so significant of an intent differing from the literal meaning of the words as to justify departure therefrom. We conclude, therefore, that power and duty is imposed on the county board to ascertain and decide the amount which the plaintiff town is entitled to receive from the defendant as the share of the latter's credits apportionable to the detached territory upon the basis of apportionment prescribed.

Such ascertainment by the county board is clearly a condition precedent to the existence of any right enforceable in court to the share of the credits of the old town. No right to any such share existed at common law and independent of this very statute. *Depere v. Bellevue,* 31 Wis. 120; *Schriber v. Langlade,* 66 Wis. 616, 29 N. W. 547, 554; *Joint School Dist. v. School Dist.* 92 Wis. 608, 66 N. W. 794. Since the right rests upon statute, if a remedy is provided by the same statute it is exclusive. *May v. Black,* 77 Wis. 101, 45 N. W. 949; *Finney v. Guy,* 106 Wis. 256, 266, 82 N. W. 595. It is too clear for debate that the attempted remission or delegation of that duty to two town boards is no compliance by the county board with the statute. The conclusion is irresistible that no cause of action maintainable in court as yet exists in favor of the plaintiff against the defendant for any of the sums claimed in the complaint. The demurrer should have been sustained.

*By the Court.*—Order reversed, and cause remitted with directions to the trial court to sustain the demurrer.