CITY OF WAUWATOSA, Plaintiff and Respondent, vs. UNION · FREE HIGH SCHOOL DISTRICT and another, Defendants and Respondents: CITY OF MILWAUKEE and another, Interpleaded Defendants and Appellants.

*February 27—April 8, 1947.*

For the appellants there was a brief by *Walter J. Mattison,* city attorney for Milwaukee, *Omar T. McMahon,* assistant

city attorney, and *John C. Doerfer,* city attorney for West Allis, and oral argument by *Mr. Doerfer* and *Mr. McMahon.*

*Roy R. Stauff,* city attorney for Wauwatosa, for the respondent city of Wauwatosa.

For the respondents Union Free High School District of the town and city of Wauwatosa and Myrta S. Fisher, there was a brief by *Herbert L. Wible,* attorney, and *Maxwell H. Herriott* of counsel, both of Milwaukee, and oral argument by *Mr. Wible.*

ROSENBERRY, C. J. The Union Free High School District of the town and city of Wauwatosa, hereinafter referred to as the "high-school district," was created in January, 1924, the limits of the high-school district being coterminous with the limits of the town and city of Wauwatosa, the district comprising all of the city and town; the district never established a district high school. High-school pupils residing in the district, attended the Wauwatosa city high school and no tax was levied by the high-school district against the city of Wauwatosa or the town of Wauwatosa for the support and maintenance of a union free high school in the district. In June, 1925, the city of Wauwatosa through its board of education presented its claim against the high-school district at the annual meeting of the district electors in June, 1925, in the sum of $88,979.80 for tuition for the pupils residing in the entire district and attending the Wauwatosa city high school. The electors disallowed the claim and refused to levy a high-school district tax.

The high-school district in its answer filed in 1931, raised the issue that the high-school district area as originally established was not coextensive with the territory at the time of the commencement of the action in 1925, because part of such territory had been annexed to the city of Milwaukee prior to the commencement of the action and set up other defenses.

The matter was brought to trial and on January 3, 1933, the court made findings of fact and conclusions of law and awarded

judgment in favor of the city of Wauwatosa in the sum of $86,425.86, with interest at six per cent from July 4, 1925, and ordered a tax levied against the high-school district for the collection of that sum, and provided that the city of Wauwatosa need not levy a tax, but that the amount leviable against that city be credited by it in partial satisfaction of the judgment. Judgment was entered accordingly by the plaintiff on May 3, 1933. The defendant high-school district appealed to the supreme court and on January 9, 1934, the judgment of the circuit court was affirmed in *Wauwatosa v. Union Free H. S. Dist.* 214 Wis. 35, 252 N. W. 351. Neither the city of Milwaukee nor the city of West Allis, the appealing defendants, were parties to that action, nor was the town of Wauwatosa an interpleaded defendant.

The only allegations in the complaint affecting the relation of the city of Milwaukee and the city of West Allis to the subject matter of this action are those contained in par. 7 already set out. No facts are alleged which show that the annexation proceedings were not in each case in all respects regular. The allegations of the plaintiff's complaint are admitted by the demurrer from which it appears that the only connection that the city of Milwaukee and the city of West Allis have with the subject matter of the action is the fact that some of the territory belonging to the town of Wauwatosa in 1925 has since been annexed to the city of Milwaukee and the city of West Allis. The dates of annexation are not given.

Sec. 66.03, Stats., relates to the adjustment of assets and liabilities on division of territory of municipalities. This section applies to school districts, towns, villages, and cities. Sec. 66.03 (5) provides for the creation of an apportionment board; sub. (6) provides for the meeting of the board, and sub. (7) prescribes the method of making the apportionment and provides:

"The apportionment board shall determine, except in the case of public utilities, such assets and liabilities from the best information obtainable and shall assign to the municipality to

which the territory is transferred its proper proportion thereof by assigning the excess of liabilities over assets, or by assigning any particular asset or liability to either municipality, or in such other manner as will best meet the requirements of the particular case. If a proportionate share of any indebtedness existing by reason of municipal bonds or other obligations outstanding shall be assigned to any municipality it shall cause to be levied and collected upon all the taxable property in such municipality in one sum or in annual instalments the amount necessary to pay the principal and interest thereon when the same shall become due, and shall pay the amount so collected to the treasurer of the municipality which issued said bonds or incurred such other obligations, who shall apply the moneys so received strictly to the payment of such principal or interest."

There is no allegation in the complaint from which it appears that any proceeding has been had under the provisions of sec. 66.03, Stats. In the absence of such a proceeding, the municipalities to which some of the territory comprising the town of Wauwatosa was annexed, have no concern with the indebtedness represented by the judgment rendered in favor of the city of Wauwatosa against the high-school district.

Sec. 66.03 (2), Stats., provides that—

". . . When territory is transferred, in any manner provided by law, from one municipality to another, there shall be assigned to such other municipality such proportion of the assets and liabilities of the first municipality as the assessed valuation of all taxable property in the territory transferred bears to the assessed valuation of all the taxable property of the entire municipality from which said territory is taken according to the last assessment roll of such municipality."

It is the established law that when a part of a town is detached from the town and annexed to another town or created into a new town, the old town remains liable for all existing debts against it at the time such territory is detached, and none of such debts become a charge against the town to which

the territory is annexed or against the new town created, unless the act of the legislature or order of the county board detaching such territory makes some apportionment of the debts of the old town and charges some part thereof to the town to which such territory is annexed. *Schriber v. Langlade* (1886), 66 Wis. 616, 630, 29 N. W. 547.

The apportionment or, as it is called in sub. (2), sec. 66.03, Stats., the assignment, is a condition precedent, and in a case where the complaint fails to allege such precedent action by the county board, it was held that a demurrer should have been sustained. *Emery v. Worcester* (1908), 137 Wis. 281, 284, 118 N. W. 807, was an action brought by the town of Emery to recover an apportionate share of the assets from the town of Worcester to which some of its property had been annexed. The complaint alleged that upon apportionment upon the ratio of the assessed value of the detached and remaining portions plaintiff was and is entitled to receive from the defendant the sum of $4,842.86. The court held that without an apportionment by the county board no cause of action existed in favor of the town of Emery against the defendant. The court said:

"The conclusion is irresistible that no cause of action maintainable in court as yet exists in favor of the plaintiff against the defendant for any of the sums claimed in the complaint"

and held that the demurrer to the complaint should have been sustained, citing *Schriber v. Langlade, supra.*

The legislature having prescribed the method of ascertaining the liabilities of the respective municipalities, that remedy is exclusive. *Emery v. Worcester, supra,* and cases cited.

Sec. 66.03 (8), Stats., provides that

"In case the apportionment board is unable to agree, the circuit court of the county in which either municipality is situated, may, upon the petition of either municipality, make the adjustment of assets and liabilities pursuant to the provisions of this section."

Until this remedy is exhausted neither of the defendants is liable to the city of Wauwatosa.

It appearing from the allegations of the amended complaint that the demurring defendants are not liable to the plaintiff for the reasons already stated, the demurrers should have been sustained on the ground that no cause of action was stated against them.

We do not consider the demurrer to the complaint on the ground that the statute of limitations applies.

*By the Court.*—The order appealed from is reversed on the ground stated, with directions to sustain each demurrer, and the cause is remanded for further proceedings according to law.

BARLOW, J., dissents.