CITY OF WAUWATOSA, Respondent, vs. UNION FREE HIGH SCHOOL DISTRICT and another, Appellants.

*May 4—June 7, 1949.*

88

*Herbert L. Wible* of Milwaukee, for the appellants.
*Roy R. Stauff* of Wauwatosa, for the respondent.

HUGHES, J.    We desire to point out that there is doubt that declaratory relief is the proper remedy, but since counsel have not raised that issue and because of the duration of this litigation and the desirability of terminating it as promptly as can be, we will decide the merits without regard to the form of action in which the questions are raised.

There is no claim that the levy of taxes in 1934, 1935, and 1936 was not made in good faith.    The time for payment of the judgment was after it had been perfected.    It is no more reasonable to say that the assessment should have been upon the values fixed in 1925 than it would be to say that $89,000 for tuition should be based upon the 1925 values and each year's interest accruing between 1925 and 1934 should be assessed upon the value of the tax rolls for the year in which the interest accrued.

If the parties intended some other valuation, steps should have been taken to establish such basis between the date of execution of the stipulation and acceptance by the city of payments derived from tax levies pursuant to such stipulation.

The language of the stipulation indicates that such was the contemplation of the parties.

"It is further stipulated that until it is determined how and to what effect the apportionment shall be made, the levy to be made in and for this year of 1934 shall be made and apportioned upon the basis of the assessed valuation of the property in the town of Wauwatosa and in the city of Wauwatosa respectively in each such district in and for the year 1934, subject to the adjustments and corrections, if any, as aforesaid."

That such was the intention of the parties to the stipulation is further evidenced by reference in the resolution adopted by the council of the city of Wauwatosa authorizing such stipulation:

"Whereas, said tax will be levied not only on the town of Wauwatosa but upon the city of Wauwatosa but the city of Wauwatosa will be credited with its share without collection of the tax; and,

"Whereas, said tax will be apportioned between the city of Wauwatosa and the town of Wauwatosa in proportion to their respective assessed valuations unless equalized as provided in sec. 40.32 of the Wisconsin statutes; . . ."

Sec. 40.32, Stats. 1933, in so far as material, provided:

"(1) The valuation of taxable property in the several parts of any joint school district may be equalized as herein provided. At any time between the fifteenth day of August and the fifteenth day of October, any three resident freeholders of the district may file with the clerk thereof a petition for such an equalization. . . ."

There follow provisions for a meeting at which the assessors check the valuations placed upon the property in the district.

It appears that any rights of adjustment contemplated by the stipulation were waived by permitting the time agreed upon to elapse without calling into operation the machinery for reapportionment and by acceptance of the payments made in the three-year period.

The trial court erred in concluding that the taxes collected by the Union Free High School District and paid to the city of Wauwatosa did not satisfy the judgment for tuition.

*By the Court.*—Judgment reversed and cause remanded with instructions to dismiss the complaint upon its merits.