CITY OF SHEBOYGAN, a municipal corporation,
Plaintiff-Appellant,

v.

TOWN OF SHEBOYGAN SANITARY DISTRICT
NO. 2, a quasi-municipal corporation, and
Town of Sheboygan, a municipal corporation,
Defendants-Respondents.†

Court of Appeals

*No. 87–1769. Submitted on briefs March 1, 1988.—Decided
June 1, 1988.*

(Also reported in 427 N.W.2d 390.)

† Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *Stephen G. McLean,* city attorney, of Sheboygan.

For the defendants-respondents the cause was submitted on the briefs of *Hopp, Hodson, Powell & Raftery* by *Eugene P. Hodson,* of Sheboygan.

Before Moser, P.J., Wedemeyer and Sullivan, JJ.

SULLIVAN, J. The City of Sheboygan appeals from a judgment finding it liable for sewage connection and service charges. The issues on appeal are whether section 6(a) of the addendum to the 1975 Joint Sewer Agreement provides an alternative method to sec. 66.03, Stats., of dividing assets and liabilities upon the annexation of land, and, if so, whether the City, the Town of Sheboygan District No. 2 and the Town of Sheboygan, had the authority to contract as to the method of division of assets and liabilities. We conclude that the method of division of assets and liabilities prescribed in sec. 66.03, Stats., is exclusive and that section 6(a) of the addendum which provides for an alternative method of dividing assets and liabilities is void. We reverse.

The City of Sheboygan and outlying communities, including District No. 2 and the Town of Sheboygan, entered into an agreement entitled the 1975 Joint Sewer Agreement. Under its term the City agreed to treat and dispose of all sewage transported to its wastewater facility. A 1978 addendum to this agreement by the City, District and Town, concerned the connection of their residents to each others' sewage systems. The addendum provided that, where more

practical, residents of the municipalities would be attached to the adjoining municipality's sewage system. The municipality to be benefited was to pay the cost of the connection.

The addendum also contained a provision concerning annexation by the City of land from the District or Town. The annexation provision provided:

6. *Annexation of Territory.*

(a) *Payment of service by "City".* In any case where "City" has annexed land from the Town of Sheboygan, the charges to be made to those residents and land annexed shall be billed to "City" for payment; it is understood that after any such lands are annexed that no levy of charges shall be made to the owner or resident of such land directly by the "District" or "Town", but all charges chargeable to its residents shall be made to the City of Sheboygan.

(b) *Assets and Liabilities.*
(1) When the "City" shall either by reason of a single or multiple annexations of land (multiple annexations need not be contiguous) within the Sanitary District, if the area is four (4) or more acres in size, it may elect that there shall be a division of assets and liabilities in accordance with Section 66.03 of the Wisconsin Statutes.

(c) *Service Charge Reduction.* If the assets and liabilities are determined pursuant to subsection (b) above for a particular area annexed, the service charges thereafter levied by the "District" shall not include charges for the capital improvements covered under the divisions of assets and liabilities.

In the present case, properties were annexed to the City and improved by apartment buildings and

condominiums which were connected to the City's sewage system. The District billed the City for sewage connection and debt-service charges for these properties. A disagreement ensued regarding the payment of these charges. The City, District and Town resolved most of the issues concerning the billing by stipulation and an additional addendum to the Joint Sewage Treatment Agreement. Issues remained, however, as to the payment of charges for scattered properties located west of Taylor Boulevard and east of North 38th Street in the City of Sheboygan. The City then brought an action for declaratory judgment. The trial court held that pursuant to secs. 60.79 and 66.03, Stats., the City became liable for a portion of the debt of the land annexed and that under section six of the addendum the charges were to retire the District's debt for the land annexed.

On appeal, the City contends that upon annexation of land, under sec. 60.79(2), Stats., the assets and liabilities are to be divided pursuant to sec. 66.03, Stats., and that this method of ascertaining the municipalities' liabilities is exclusive. It argues that the District could not contract as to the division of liabilities upon annexation of land; the District could only contract as to the operation and ownership of its sewage system upon annexation.

The Town argues that it had the authority to contract, pursuant to secs. 60.79(2)(d)1 and 66.30, Stats., concerning the division of assets and liabilities of annexed land. The Town further argues that because the City did not elect to divide the assets and liabilities as provided by section 6(b) of the addendum, it properly charged the City connection and service fees in order to retire the debt of the annexed land.

Section 6 of the addendum addresses annexation by the City of land from the District or Town. Subsection (a) provides that any charges to be made to residents of annexed land should be billed to the City for payment. When reading subsection (a) in conjunction with subsections (b) and (c) of the provision, it is clear that subsection (a) provides an alternative method of dividing assets and liabilities. If the City chooses to divide assets and liabilities under subsection (b) pursuant to sec. 66.03, Stats., under subsection (c) service charges levied by the District shall not include charges for capital improvements. If the City does not choose to divide the assets and liabilities pursuant to sec. 66.03, charges for capital assessments would be billed under subsection (a).

In January 1980, the District became indebted in order to install sewage lines within its boundaries. The District employs a mil tax, connection charge, and a percentage of a service charge, to pay the debt. Upon annexation of District land, the City became liable for a portion of this debt. Under section 6 of the addendum, if the City does not elect to divide the assets and liabilities pursuant to sec. 66.03, Stats., the District may bill the City mil tax and connection and service charges for the land annexed in order to retire its debt. We conclude that section 6(a) provides an alternative method of division of assets and liabilities upon the annexation of land. We further conclude, however, that the method of division of assets and liabilities prescribed in sec. 66.03 is exclusive and that therefore section 6(a) of the addendum is void.

Sec. 60.79(2), Stats., provides in part:

INCORPORATION OR ANNEXATION OF PART OF A TOWN SANITARY DISTRICT.

(a) The incorporation or annexation of territory within the town sanitary district detaches that territory from the district.

(b) The city or village and the town sanitary district are subject to pars. (c) to (e) if territory constituting less than the entire town sanitary district is annexed or incorporated and:

1. The territory is served by the town sanitary district with a water supply or sewerage system; or

2. The territory is not served by the town sanitary district with a water supply or sewerage system, but the district has obligations related to the territory subject to incorporation or annexation which require payment for longer than one year following the incorporation or annexation.

(c) *The city or village and the town sanitary district shall divide the assets and liabilities of the town sanitary district under s. 66.03,* except that the ownership of any water supply or sewage system shall be determined under par.(dm).

(Emphasis added.)

The land annexed by the City was not serviced by the Sanitary District's water supply or sewerage system. It was, however, subject to a debt which required payment for longer than one year following the annexation.[1] As a result, upon annexation, the assets and liabilities should have been divided pursuant to sec. 66.03, Stats.

As noted earlier, the Town argues that since the City did not elect to divide the assets and liabilities

---

[1]Both parties repeatedly refer to the District's debt as "long-term". Both parties' arguments also assume the applicability of sec. 60.79(2), Stats. Therefore, we infer that the District's obligation on the debt extended longer than one year following the annexation of the land in question.

pursuant to sec. 66.03, Stats., as provided by section 6(b) of the addendum, it properly charged the City connection and service fees in order to retire the debt of the annexed land. We disagree. The method of ascertaining the liabilities of the municipalities prescribed by sec. 66.03, Stats., is exclusive and until the assets and liabilities are divided according to sec. 66.03, the City is not liable for the existing debt of the land annexed. *City of Wauwatosa v. Union Free High School Dist.,* 250 Wis. 266, 271–72, 26 N.W.2d 535, 537 (1947).

*By the Court.*—Judgment reversed.