H. W. LYMAN *et al.* v. J. HOWELL STANTON *et al.*

1. JUSTICES OF THE PEACE — *Jurisdiction* — *Actions Involving Title to Land. Lyman v. Stanton,* 39 Kas. 443, referred to, and commented upon.

2. SET-OFF *and Counterclaim* — *Equitable Cross-Action* — *Jurisdiction.* In an action brought to recover money only, a defendant cannot avail himself of an equitable cross-action or counterclaim involving the foreclosure of a mortgage and the sale of the real estate described therein, where the district court has no power to hear and determine the alleged cross-action or counterclaim, on account of the premises described in the mortgage being situated in another county and beyond the jurisdiction of the courts of the county where such cross-action or counterclaim is filed.

*Motion for Rehearing.*

THE facts are stated in *Lyman v. Stanton,* 39 Kas. 443, and in the opinion herein, filed at the session of the court in February, 1889.

*Welch & Welch,* for plaintiffs in error.

*Huron & Davis,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: For a full consideration of the matters involved in the rehearing, it is important to state that Henry W. Lyman and James W. Vail brought their action before the justice of the peace to recover $239.55 upon notes given by J. Howell Stanton and Josephine H. Stanton, his wife, to the National Loan and Trust Company, and by the company assigned, after due, to the plaintiffs; and also to recover $15.55 expended by them as costs to remove as an incumbrance the mortgage which was given to secure those notes, upon the premises formerly owned by Stanton and wife, but transferred by warranty deed by them to Ella M. Davis, who subsequently, with her husband, conveyed the same by warranty deed to the plaintiffs. The defendants filed their answer before the justice, alleging that their deed to Ella M. Davis was wholly without consideration; that it was obtained by fraud and misrepresentation practiced upon them by Ella M. and Oscar F. Davis; that the plaintiffs are not the owners of the land, but that the plaintiffs entered into collusion with Ella M. and Oscar F. Davis to defraud the defendants; that the deed from Ella M. Davis and husband to the plaintiffs is a mortgage only; and that the defendants are the owners of an equitable interest in the land. They asked that the deed from them to Ella M. Davis be set aside; that the deed from Ella M. Davis and husband to plaintiffs be declared a mortgage only; that the defendants be adjudged the owners of the land described in the pleadings, subject to the mortgage given to secure the note sued on, and also the mortgage of

plaintiffs; and that after sale, the proceeds of the land be distributed to satisfy the mortgages, and the balance turned over to them.

The mortgages referred to in the pleadings are upon lands situate in Butler county, in this state; the action commenced before the justice was not for the recovery of real property, or of any estate or interest therein, or for the determination of any form of any such right or interest. (Civil Code, § 46.) A personal judgment only was demanded; therefore the justice of the peace had full jurisdiction to hear the case upon the bill of particulars filed before him.

In the district court the defendants demurred to the alleged counterclaim, for various reasons: among others, that, as the land claimed by the defendants is in Butler county, the courts of Shawnee county had no jurisdiction to hear and determine the counterclaim. The demurrer was well taken upon this point. Subdivision 3 of § 46 of the civil code provides that actions for the sale of real property under a mortgage, lien, or other incumbrance or charge, must be brought in the county where the subject of the action is situated, except as provided in § 47 of the code. Under this provision neither the district court nor any other court in Shawnee county has any authority to order the sale of land situate in Butler county to satisfy the mortgages set forth in the answer; therefore, if the alleged counterclaim in any nature arose out of the transaction alleged in the bill of particulars, or was connected with the subject-matter of the action, it was also in the nature of an independent equitable action to foreclose certain mortgages upon real estate situate outside of Shawnee county, and was not a proper counterclaim to be filed in the case. The cause of action alleged in the counterclaim ought to have been brought, under the provisions of the code, in Butler county.

The district court therefore committed error in failing to sustain the demurrer, and also in dismissing the action.

The motion for rehearing will be denied; but the ground upon which the order of the district court is reversed is differ-

ent from that stated in the original opinion, and that opinion will be modified accordingly.

If, for any sufficient reasons, it is of importance to the defendants that this action shall not go into judgment until the matters in the alleged counterclaim are finally heard, the defendants may commence their action in Butler county, and, upon proper proceedings had for the purpose, obtain an order of injunction from the district court of that county restraining the plaintiffs from prosecuting this action, if it satisfactorily appears to that court that the plaintiffs are acting in collusion with Ella M. and Oscar F. Davis to defraud the defendants, as alleged, and that such restraining order or injunction is necessary for the protection of the rights of the defendants.

The rehearing will be denied.

All the Justices concurring.