WAISBREN, Respondent, vs. BLINK, Appellant.

*March 10—April 5, 1932.*

The cause was submitted for the appellant on the brief of *Corrigan & Backus* and *Ruppa & Bortin,* all of Milwaukee, and for the respondent on that of *Julius O. Roehl* of Milwaukee.

FRITZ, J.    In this action for money had and received, plaintiff seeks to recover the purchase price which he paid for shares of stock of an Illinois corporation which was not licensed to engage in business in Wisconsin.    No permits had been obtained authorizing the sale of that stock, or authorizing defendant to sell stock in Wisconsin, as was required by sec. 183.27, Stats. 1923 (now 189.07), and sec. 183.29 (now 189.12, 189.13) of the so-called Blue Sky Law.    Upon the trial the learned circuit judge, after finding the essential facts as to plaintiff's purchase and payment for the stock in January, 1924, further found that no notice had been given of an election by plaintiff to void the sale within thirty days after he had notice that the stock had been sold without first obtaining a permit; and that this

action was not commenced within three years after such sale. The court concluded that the provision in sec. 183.34 —now 189.22 (4)—that "no action shall be brought for the recovery of the purchase price or the cancellation of such contract after three years from the date of such sale or contract for sale," did not affect plaintiff's right to recover in assumpsit for money had and received because, as the transaction was in violation of secs. 183.27 and 183.29, it constituted a criminal offense under sec. 183.35 (now 189.23) and was therefore void; and that, as the transaction was void, plaintiff had a common-law right to recover, which would become barred only upon the expiration of the six-year period of limitations, prescribed by sec. 330.19. Judgment was ordered accordingly.

Plaintiff's claim for the recovery of the purchase money is not based upon any such ground as fraud, mistake, failure of consideration, or incapacity to contract, etc., by reason of which a purchaser would be entitled to rescind and recover at common law in an action for money had and received. His only right to recover his purchase money under the facts of this case would exist solely by reason of secs. 183.27 and 183.29, which prohibited the sale of such securities without the permit and by an unauthorized broker. No such right to avoid his purchase on any such ground existed at common law. Those sections of the statutes were in 1923, and still are, *in pari materia* with sec. 183.34 (now 189.22); prescribing the civil remedy for violations by such unauthorized sales, and also with sec. 183.35 (now 189.23), which provides that such selling is a criminal offense. Being *in pari materia,* all of those statutory provisions must be construed with reference to each other. 9 Bacon, Abr. Statute (I, 3), p. 243; 36 Cyc. p. 1147.

So construed, the validity or invalidity, and the civil consequences, of such unauthorized transactions are as provided in sec. 183.34—now 189.22 (1). That section provides

that every such sale of a security "shall be voidable at the election of the purchaser." It does not provide that such sale shall be void absolutely. The express provision that the sale is voidable excludes the conclusion that it is absolutely void. That result is not to follow excepting at the election of the purchaser. To exercise and perfect such election, and thereby avoid his voidable purchase, the purchaser was required by sec. 183.34 to give notice of election to the party from whom recovery is sought, within thirty days (present sec. 189.22 (3) allows three months) after the purchaser had notice that the sale was without a permit. Even then, as to sales which have become void by the purchaser's exercise of his right of election, and his giving due notice to that effect, sec. 183.34 provided (so far as here material) that "No action shall be brought for the recovery of the purchase price or the cancellation of such contract after three years from the date of such sale. . . ." In 1925 sec. 183.34 was renumbered as sec. 189.22, and in sub. (4) thereof that provision was amended to read: "No action shall be brought for relief under this section after three years from the date of such sale or contract for sale. . . ." That three-year limitation in those provisions applies to every action brought for the recovery of the purchase price, when the underlying ground for the purchaser's recovery is the want or absence, in the first instance, of the permit or authority to sell the security. However, as stated above, such want of permit or authority to sell does not *ipso facto* render the sale absolutely void, even though such a sale was prohibited and was punishable as a criminal offense under the statutes stated above. Because of the express requirement in the statute, the sale is not avoided or rescinded and, consequently, no cause of action to recover the purchase money in assumpsit, for money had and received, or otherwise, arises or exists until the purchaser has complied with sec. 183.34 (now 189.22), by exercising his right of elec-

tion and by giving the prescribed notice of such election. Such election and notice by the purchaser are clearly conditions precedent to the existence of any right, enforceable in court, to recover the purchase money. As no right to recover such money on that ground existed at common law, and it is only by proper compliance with that statute that any right to any relief, or any cause of action for the recovery of the purchase price, arises because of the want of a permit to sell the security, the right to maintain an action to realize on such a cause of action, when it does arise, is dependent upon, and the relief is recoverable only under and by virtue of, sec. 183.34 (now 189.22). That statute creates a new right to relief, and specifies the conditions precedent and the remedy for its vindication. If any right of action, because of the failure in the first instance to secure a permit to sell the security, exists at all, it is by virtue of that statute. To recover as thereby authorized, the purchaser must comply with the conditions as to notice of election and the time for the commencement of the action which that statute prescribes; and the remedy which is thereby provided for the vindication of the new right which is thereby created is exclusive of all others. *May v. Black,* 77 Wis. 101, 45 N. W. 949. "It is a cardinal rule in the construction of statutes that where a new right has been given and a specific remedy provided by statute, the right can be vindicated in no other way than that prescribed by the statute." *Hall v. Hinckley,* 32 Wis. 362, 368; *Saxville v. Bartlett,* 126 Wis. 655, 105 N. W. 1052; *Emery v. Worcester,* 137 Wis. 281, 118 N. W. 807. Consequently, because of plaintiff's failure to vindicate his right by an action commenced within three years after the sale or the contract of sale, his right to recover became barred under sec. 183.34 (now 189.22); and his complaint should have been dismissed.

*By the Court.*—Judgment reversed, with directions to enter judgment dismissing the complaint.