JOSSLYN, Respondent, vs. DAHINDEN-SCHMITZ COMPANY and others, imp., Appellants.

*May 11—June 20, 1932.*

For the appellant Dahinden-Schmitz Company there was a brief by *Alexander, Burke & Clark* of Milwaukee, and oral argument by *Frank P. Burke.*

For the appellant Standard Accident Insurance Company there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Howard A. Hartman* of counsel, all of Milwaukee, and oral argument by *Mr. Hartman.*

For the respondent there was a brief by *Hull, Schlatterer & Barnard* of Oshkosh, and oral argument by *L. W. Hull.*

FRITZ, J. As stated in plaintiff's brief, this action is based upon a surety bond filed with the Railroad Commis-

sion. That bond was filed under sec. 183.27, Stats. 1923, now sec. 189.08, Stats., relating to the sale of securities prior to obtaining a permit under sec. 189.07. The trial court ordered judgment for plaintiff against defendants Dahinden-Schmitz Company, a security broker, and the Standard Accident Insurance Company, as a surety on a bond filed under sec. 189.08 (2), on the theory that a sale of bonds as Class "A" securities by the broker to plaintiff on an order procured from him on October 5, 1927, was a legal sale, by virtue of timely compliance by the broker with sec. 189.08; and that by reason of the subsequent determination by the Railroad Commission that the bonds were not Class "A" securities, the broker and the surety became liable under the provisions of ch. 189, Stats., and the bond for the repayment to plaintiff of the purchase price of the bonds pursuant to the written demand therefor, which plaintiff served on the broker and the surety on March 2, 1931. The trial court rightly found that the broker on October 5, 1927, solicited subscriptions and procured from plaintiff his order, whereby he then agreed to purchase and the broker agreed to sell to him as Class "A" securities, within the meaning and intent of ch. 189, Stats., certain bonds to be issued by the General Vending Corporation. On October 7, 1927, plaintiff, pursuant to his agreement of purchase, sent certain other securities to the broker, which it received on October 8, 1927, for the purpose of selling them and applying the proceeds thereof in payment of plaintiff's purchase of the General Vending Corporation bonds. The broker's negotiations and transactions with plaintiff from October 5 to 8, 1927, in relation to those bonds constituted the sale or selling thereof within the contemplation of ch. 189, by virtue of the following provision:

" 'Sale' or 'sell' includes every disposition, offer, negotiation, agreement or attempt to dispose of a security or in-

terest in a security for value, and every solicitation of a subscription or order for the purchase and every exchange for property." Sec. 189.02 (5).

Neither on October 5, 1927, nor at any time thereafter, were those bonds classified as Class "A" securities within the meaning of ch. 189. Likewise, at the time the broker solicited, procured, and accepted plaintiff's order for those bonds on October 5, 1927, and when it received from plaintiff the other securities, the proceeds of which were to constitute plaintiff's payment for those bonds, the broker had not filed with the Railroad Commission the notice or application authorized by sec. 189.08 for permission to sell the bonds as a Class "A" security before obtaining the permit required by sec. 189.07. In fact no such notice or application for the permit, authorized by sec. 189.08, was actually filed by the broker with the Railroad Commission until on October 11, 1927.

Upon filing the notice provided for by sec. 189.08, a broker, "after complying" with the conditions therein prescribed, was authorized by that section, in conjunction with sec. 189.07, "to sell any Class 'A' security before securing a permit" therefor. But until the Dahinden-Schmitz Company filed its notice on October 11, 1927, its transactions with plaintiff were prohibited by reason of the provision in sec. 189.07 (1) that—

"Except as provided in sections 189.08 and 189.09, no company, broker or other person, directly or through an agent, shall in this state sell or take subscriptions for any security for the sale of which a permit has not theretofore been issued, until a permit has been issued by the commission authorizing the sale of such security."

And every sale so prohibited is declared to be illegal and voidable at the election of the purchaser by sec. 189.22 (1). Consequently the sale of the bonds in question by Dahinden-Schmitz Company to plaintiff was illegal because the broker

acted in violation of secs. 189.07 and 189.08, and for that reason plaintiff's purchase was voidable at his election by virtue of sec. 189.22. That section also provides the remedy available to a purchaser who elects to void a sale because of a violation of or non-compliance with any provision of ch. 189, Stats. Thus, sec. 189.22 (1) provides, so far as here material, that any broker who made such a sale shall be liable to such purchaser, upon tender of the securities sold, for the full amount paid with interest. However, in that connection sub. (3) and (4) of sec. 189.22 provide, so far as here material,—

"(3) Notice of such election shall be given to the party from whom recovery will be sought within three months after the purchaser shall have knowledge that such security was sold without a permit or in violation of or non-compliance with the terms and conditions of the permit.

"(4) No action shall be brought for relief under this section after three years from the date of such sale or contract for sale."

The bonds in question had not been executed for delivery to purchasers at the time plaintiff made his purchase, and mere interim certificates therefor were first delivered to him. He held those certificates until August 8, 1928, when he sent them by letter to Dahinden-Schmitz Company for exchange for the permanent bonds. In his letter he inquired whether the Railroad Commission had approved the issue. On August 9, 1928, the Dahinden-Schmitz Company wrote to plaintiff that the permit which the commission had issued was but a Class "B" permit. In a letter which plaintiff wrote to the Dahinden-Schmitz Company on December 2, 1930, he stated that he was "now informed that at the time of this sale this security had not qualified for sale in Wisconsin, but that some time later a Class 'B' certificate was issued." That statement discloses that by December 2, 1930, at the latest, he had knowledge that the security was sold without

a permit. Under date of December 12, 1930, he asked in a letter to the broker, "Do you not feel, under the circumstances, you are obligated to take these bonds off my hands at the purchase price, plus accrued interest?" Then there was no notice of election by plaintiff to declare the sale voidable or demand for repayment to him of the amount which he had paid to the broker for the bonds, until the demand which the court found was made on March 2, 1931.

No action for relief was commenced by plaintiff until he brought this action on March 28, 1931. Meanwhile, by reason of sec. 189.22 (4), Stats., his cause of action to recover the purchase price paid by him on the sale, which was prohibited because the security had not been qualified for sale in this state, had become barred on October 6, 1930, upon the expiration of three years from the date of the sale, i. e. October 5, 1927.

"That three-year limitation in those provisions applies to every action brought for the recovery of the purchase price, when the underlying ground for the purchaser's recovery is the want or absence, in the first instance, of the permit or authority to sell the security. . . . The right to maintain an action to realize on such a cause of action, when it does arise, is dependent upon, and the relief is recoverable only under and by virtue of, sec. 183.34, Stats. 1923 (sec. 189.22, Stats. 1925 *et seq.*). That statute creates a new right to relief, and specifies the conditions precedent and the remedy for its vindication. If any right of action, because of the failure in the first instance to secure a permit to sell the security, exists at all, it is by virtue of that statute. To recover as thereby authorized, the purchaser must comply with the conditions as to notice of election, and the time for the commencement of the action which that statute prescribes; and the remedy which is thereby provided for the vindication of the new right, which is thereby created, is exclusive of all others." *Waisbren v. Blink,* 207 Wis. 619, 242 N. W. 169.

Consequently, upon plaintiff's failure to commence this action within three years after October 5, 1927, his right to recover became barred under sec. 189.22 (4), Stats., and his complaint should have been dismissed.

*By the Court.*—Judgment reversed, with directions to enter judgment dismissing the complaint.