CHAS. A. KRAUSE MILLING COMPANY, Respondent, vs. CHRIS. SCHROEDER & SON COMPANY and another, Appellants.

*October 7, 1935—January 7, 1936.*

640

642

For the appellants there was a brief by *Fish, Marshutz & Hoffman*, attorneys, and *Irving A. Fish* and *William H. Voss* of counsel, all of Milwaukee, and oral argument by *Mr. Fish* and *Mr. Voss*.

For the respondent there was a brief by *Gold & McCann*, attorneys, and *W. G. Sullivan* of counsel, all of Milwaukee, and oral argument by *Mr. Sullivan*.

A brief was also filed by *Shaw, Muskat & Paulsen* of Milwaukee, as *amici curiæ*.

The following opinion was filed November 5, 1935:

FAIRCHILD, J. The controlling facts are established as here briefly outlined. During the years 1924 and 1925, the broker was selling bonds as Class A securities prior to securing a permit therefor. The sale under consideration was in compliance with and under authority of sec. 189.08, Stats. 1925. To meet the requirements of that section, the broker, with the approval of the commission, filed each year a so-called blanket bond executed by the broker and surety, conditioned as disclosed in the statement of facts. We do not consider it necessary to re-examine the sufficiency of bonds of this character for the purposes required, as questions with relation to their effectiveness and the legality of sales of securities in accordance therewith are settled, and the law controlling in this respect is pointed out in *Klatt v. Columbia Casualty Co.* 213 Wis. 12, 250 N. W. 825.

The facts compel the granting of summary judgment because no material fact necessary to a recovery by respondent was in dispute. The broker was permitted to sell the securities as Class A. This was accomplished by the giving of the bond, and the making of the agreement to repay contained therein. It sold the securities as Class A and was paid the purchase price. The appellants, in their answer, alleged that the sale was made to Chas. A. Krause, an individual, and not to the respondent Chas. A. Krause Milling Company. But the appellant broker frequently did business with the Chas. A. Krause Milling Company, and Chas. A. Krause was an agent of that company. He was its president, and is the owner of a large portion of its stock. Strong inferences that the principal was the purchaser would naturally arise where one, usually acting as agent, buys securities with his principal's money. Here the check which paid for the Realty Company bonds was the check of the principal. The sale was made in the office of the Chas. A. Krause Milling Company, and the check was there drawn by the Chas. A. Krause Milling Company in favor of the broker. An invoice was made out and so stamped as to clearly indicate that the respondent was the purchaser. The invoice and the check were delivered to the broker, who then delivered the securities. The broker indorsed upon the invoice its receipt of payment and negotiated the check in the usual manner. It thus appears that there is evidence conclusively showing that the purchase was by respondent. The allegations of the complaint, the affidavits, depositions, and all the proof submitted at the time of hearing the application for summary judgment support the conclusion of the trial court upon this question.

The remaining principal contentions of appellants are: (1) That the obligation on the part of Chris. Schroeder & Son Company to return the purchase price upon demand and tender of the bonds, in case they should fail to receive a

Class A rating, is a statutory obligation; (2) that the bond is in support of this liability and cannot survive its destruction by the operation of laches or the statute of limitations; (3) that the liability of Chris. Schroeder & Son Company is barred by the operation of the six-year statute of limitations, since the attempt to tender the bonds and recover the purchase price was not made until more than six years after the sale. The contention of respondent is that the liability upon the bond is separate and distinct, just as a mortgage is separate and distinct from a note; that its liability survives the discharge of the principal obligation by the operation of the statute of limitations; and that being a sealed instrument, the twenty-year statute of limitations is the only one available to the appellants. This requires some consideration of the nature of the liability here sought to be established. It is our conclusion that the appellants are correct in their contention that liability on the bond is dependent upon the existence of a cause of action against Chris. Schroeder & Son Company, for the purchase price of the bonds. Once this cause of action is created by the exercise of an election on the part of the purchaser of the bonds to tender the bonds back and ask for his purchase money, a cause of action for the first time arises upon the bond in favor of the purchaser, so manifesting his election. The liability being thereafter upon the bond, and a cause of action being created in the purchaser for the first time by the circumstances stated, the twenty-year statute is thereafter applicable. It will thus be seen that the statute contemplates something in the nature of an informal rescission on the part of the purchaser. The fact that the bonds ultimately receive a classification lower than that of Class A does not automatically upset the original contract of sale. It merely vests in the purchaser his election to avoid the sale and return the bonds.

The foregoing analysis reduces this controversy to a very narrow issue. It is obvious that a person having an election

to rescind must, at least after learning the facts which give rise to this election, promptly exercise the option, or he will be deemed to have waived his right and elected the alternative. Does such a doctrine also impose upon the person having such an election an affirmative duty to discover the existence or nonexistence of the facts upon which his election depends? Applied to the present situation, Was it the duty of respondent to inquire into and to ascertain whether the bonds had actually received the rating which the seller represented them to have at the time of the sale? If respondent had such an obligation, it is quite apparent that it was never discharged. If he had no such obligation, it is equally apparent that he lost none of his rights to rescind, because the record shows a prompt rescission upon learning the fact that the bonds were not given a Class A rating. We are persuaded that respondent had, as a matter of law, no such duty to investigate. The bonds were not sold to him as securities whose rating was pending. They were sold as Class A securities, without qualification. Respondent was entitled to rely, not upon the fact that they would be ultimately rated as Class A, but that they had already been so rated. We fail to see how there can be created out of these circumstances a duty to pursue further investigation, and it is our conclusion that until facts had come to the purchaser's attention reasonably tending to put it upon inquiry as to the rating of the bonds, no duty to investigate arose. Obviously this must be the case, for the statute (ch. 189) was enacted for the benefit of investors in securities sold under circumstances similar to those present in and making up this sale. Any other construction would shift the burdens the statute intended to place upon the broker from his shoulders to those of the investor. In view of this, we hold that respondent's election was timely and validly made, and that the right to recover upon the bond is perfectly clear. *Klatt v. Columbia Casualty Co., supra.* Further than this, we think that since respondent unequivocally made an elec-

tion to return the bonds and demand his purchase money back, the burden was upon appellants to show, if they could, that by reason of laches, respondent had lost its right to rescission. 3 Bryant, Wis. Pl. & Pr. (2d ed.) § 309, and cases cited therein. There certainly is no evidence in the record which can be held as a matter of law to discharge this burden.

The contention of an illegal sale and the application of sec. 189.22, Stats. 1925, to this case is likewise without merit. The sale was a legal sale, and the rights and liabilities of the parties are to be determined under sec. 189.08, Stats. 1925. *Josslyn v. Dahinden-Schmitz Co.* 208 Wis. 468, 243 N. W. 473; *Waisbren v. Blink,* 207 Wis. 619, 242 N. W. 169; *Wisconsin Mut. Plate Glass Ins. Co. v. Guaranteed Bond Co.* 218 Wis. 197, 260 N. W. 484; *Klatt v. Columbia Casualty Co., supra.*

The offer to return the securities together with the demand places respondent where he may call upon the surety to meet the condition of the bond containing the stipulation for repayment. This obligation, assumed by appellants, has now become their duty, and their failure to meet the terms of their stipulation by complying with this duty gives rise to the default for which this action is brought. It must therefore be held that the statutes of limitations do not prevent judgment, and because there is nothing in the pleadings or proof setting up laches on respondent's part, or acts constituting an estoppel, no good reason stands in the way of recovery by respondent.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on January 7, 1936.