## PENNSYLVANIA R. CO. v. MUSANTE–PHILLIPS, Inc.

### No. 21885–S.

District Court, N. D. California, S. D.

Dec. 12, 1941.

Single, Bryant, Cook and Hays, of San Francisco, Cal., for plaintiff.

Paul D. Holland, of Los Angeles Cal., for defendant.

JAMES ALGER FEE, District Judge.

The plaintiff sues to recover freight and other charges upon a car load of lettuce from Oxnard, California, by various diversions to Philadelphia, Pennsylvania, where the consignee rejected. Credit is given for the amount received upon sale after rejection.

Defendant filed answer containing (1) admissions and denials, (2) an affirmative defense, (3) a defense by way of counterclaim. Plaintiff has moved "to dismiss the answer and counterclaim". This motion cannot, of course, be an attack upon either the first two portions of the answer.

The counterclaim alleges that the carload of lettuce was delivered to the South-

ern Pacific Company upon bill of lading consigned to Fort Worth, Texas, and by reason of various diverting orders it finally came into the hands of plaintiff, and that the Southern Pacific Company, plaintiff and their connecting carriers so negligently transported the lettuce that it arrived in a damaged condition. The difference between the value of the lettuce in good condition and the proper freight charges is asked as damage.

The question as to whether the defendant could maintain a counterclaim against plaintiff under the statute, 49 U.S.C.A. § 20, Paragraph (11), solely upon the theory that plaintiff was liable as delivering carrier, is not here involved. That section allows generally for an action against a delivering carrier for any damage negligently done to the goods delivered, provided it be brought in a state or District where the delivering carrier maintains a line of railroad. The plaintiff has no railroad or trackage in California.

■ It is undoubtedly true that an additional remedy, legislatively conferred, against a party who would not be liable absent the statute, is usually construed to confer no right of action, unless the limitations are strictly observed.[1] It is the general rule that a court cannot entertain a counterclaim if an original action upon the same grounds could not be maintained in that forum.[2] Territorial limitations are observed and enforced according to this principle.[3] If, then, under the statute, either the jurisdiction of the court or the existence of a right of action, is limited, a counterclaim based upon damage to goods by a carrier other than plaintiff could not be entertained by this court.

However, Rule 13(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides: "Compulsory Counterclaim. A pleading shall state as a counterclaim any claim not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

■ This rule is mandatory, and if defendant does not plead any counterclaim which he has, he will be precluded by the judgment from raising the same matter in an independent action, statutory or otherwise.[4]

■ Under the system of pleading adopted by the Supreme Court of the United States, it is incumbent upon the court to sustain a complaint if there is any possible theory upon which liability can be based. Obviously, this doctrine must apply to counterclaims.[5]

If, then, there is any other claim against the plaintiff upon which defendant has a right of recovery and which is stated in the counterclaim, the motion to dismiss must be denied, irrespective of whether the defendant has a right to maintain a statutory action against a terminal carrier in this court.

■ The common law right of a shipper to recover against an intermediate or terminal carrier, actually causing damage to the shipment was not abrogated by the adoption of the new rights conferred by federal legislation.[6] Under the allegations

[1] The Harrisburg, 119 U.S. 199, 7 S. Ct. 140, 30 L.Ed. 358; Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L. Ed. 813; Waisbren v. Blink, 207 Wis. 619, 242 N.W. 169.

[2] In re Patterson-MacDonald Shipbuilding Co., D.C., 284 F. 281, order affirmed, 9 Cir., 293 F. 192, certiorari denied. McLean v. Commonwealth of Australia, 264 U.S. 582, 44 S.Ct. 331, 68 L.Ed. 860.

[3] Lyman v. Stanton, 40 Kan. 727, 20 P. 510; Bennett v. McCracklin, 3 Metc., Ky., 322; Cragin v. Lovell, 88 N.Y. 258; Canadian Bank v. Norwood, 5 Manitoba, 342.

[4] Remarks of Dean Clark (now United States Circuit Judge), Proceedings of the American Bar Association Institute on Federal Rules, Cleveland, page 247, Washington, page 58.

[5] Joseph Van Dyke v. Thomas H. Broadhurst, D.C.M.D.Pennsylvania, August 7, 1939, 28 F.Supp. 737.

[6] See Georgia, Florida & Alabama Railway Company v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948; Missouri, Kansas & Texas Railway Company of Texas v. Ward, 244 U.S. 383, 37 S.Ct. 617, 61 L.Ed. 1213; John Lysaght, Limited, v. Lehigh Valley R. Co., D.C., 254 F. 351, affirmed, 2 Cir., 271 F. 906; Bonfiglio v. New York, New Haven & Hartford Railway Co., 292 Mass. 287, 198 N.E. 236.

of the counterclaim it would be open to defendant to prove that the plaintiff caused the entire damage to the lettuce. If that were true, under Rule 13(a), defendant would be bound to prove this common law claim in this case. This result accords with the policy announced in Chicago & N. W. Ry. v. Lindell, 281 U.S. 14, 17, 50 S.Ct. 200, 74 L.Ed. 670, where it is said: "The adjustment of defendant's demand by counterclaim in plaintiff's action rather than by independent suit is favored and encouraged by the law. That practice serves to avoid circuity of action, inconvenience, expense, consumption of the courts' time, and injustice."

The motion to dismiss the answer and counterclaim is denied. No ruling upon the first affirmative defense is made or intended, since this is not raised by the motion.