DR. IRVIN E. PETERSON, APPELLANT, V. MINDEN BEEF COMPANY, A
NEBRASKA CORPORATION, APPELLEE.

434 N.W.2d 681

Filed January 27, 1989.    No. 87-357.

David G. Wondra, of Adkins & Wondra, for appellant.

Teresa K. Luther and Craig L. Nelson, of Knapp, Mues,
Beavers & Luther, for appellee.

HASTINGS, C.J., GRANT, and FAHRNBRUCH, JJ., and HENDRIX
and OLBERDING, D. JJ.

HENDRIX, D.J.

Plaintiff, Dr. Irvin E. Peterson, appeals from a summary
judgment dismissing his action for damages resulting from
personal injuries that occurred at the place of business of the

defendant, Minden Beef Company, a Nebraska corporation. The defendant was insured by the Iowa National Mutual Insurance Company.

After Peterson was injured but before the action was commenced, the Iowa Mutual Insurance Company was declared insolvent and placed under an order of liquidation. The plaintiff presented a claim for filing under the Nebraska Property and Liability Insurance Guaranty Association Act, Neb. Rev. Stat. §§ 44-2401 to 44-2418 (Reissue 1984), which provides for the payment of certain claims against insolvent insurance companies. The claim form contained the following: "I understand that my claim is subject to all terms, conditions and limitations of the . . . Nebraska law (Nebraska Property and Liability Insurance Guaranty Association Act, Article 24, Sections 44-2401 through 44-2418)." The filed claim contained a typed reservation at the end of the form, which stated: "Presenting this Claim Form in no way precludes the right to sue Minden Beef Company directly if full and complete settlement is not received from the Nebraska Property & Liability Guaranty Association." The U.S. Department of Labor, because Dr. Peterson was a U.S. Department of Agriculture employee, paid Dr. Peterson certain compensation for which it may be subrogated. The Nebraska Property and Liability Insurance Guaranty Association had not denied Dr. Peterson's claim as of the date of the trial, nor did the plaintiff elect to have the claim processed as one not covered by the Nebraska Property and Liability Insurance Guaranty Association Act within 30 days from the filing of the claim.

The specific statutory provision primarily involved is § 44-2406(4), which reads as follows:

A third party having a covered claim against any insured of an insolvent member insurer may file such claim with the director pursuant to the provisions of sections 44-127.01 to 44-127.05, and the association shall process such claim in the manner specified in subsections (2) and (3) of this section; *Provided*, that the filing of such claim shall constitute an unconditional general release of all liability of such insured in connection with the claim, unless the association thereafter denies the claim for the

reason that the insurance policy issued by the insolvent member company does not afford coverage, or unless the claimant shall, within thirty days from the date of filing his or her claim with the director, file with the director a written demand that the claim be processed in the liquidation proceedings as a claim not covered by sections 44-2401 to 44-2418.

A summary judgment shall be granted where there is no genuine issue either as to any material fact or as to the ultimate inferences to be drawn therefrom, and the moving party is entitled to judgment as a matter of law. Neb. Rev. Stat. § 25-1332 (Reissue 1985); *Smith v. Weaver*, 225 Neb. 569, 407 N.W.2d 174 (1987). We find such to be the case, and affirm.

When a claim is filed by a third party, which has not been denied for noncoverage, or wherein the claimant has not filed a written demand that such claim be processed in the liquidation proceedings as provided by § 44-2406(4), the claimant has no right to sue. Statutory language should be given its plain and ordinary meaning, and where the words of the statute are plain, direct, and unambiguous, no interpretation is necessary to ascertain their meaning. *Sorensen v. Meyer*, 220 Neb. 457, 370 N.W.2d 173 (1985). It is not necessary to resolve the differences found in the claim which result from plaintiff's attempt to claim under the law and then make changes in the law. The plaintiff is seeking to unilaterally avoid the clear provisions of the law. This he cannot do by a statement which does not rise to the status of a contract and certainly not to the status of a contract with the defendant. A statement that the maker will not comply with the law is not effective to avoid the law. This is particularly true in this situation because it is a rule in the construction of statutes that where a new right has been given and a specific remedy provided by statute, the right can be vindicated in no other way than that prescribed by the statute. *Waisbren v. Blink*, 207 Wis. 619, 242 N.W. 169 (1932).

Plaintiff asserts he was required to file a claim. In fact, the statutes are clear that filing a claim is an option of claimant. Section 44-2406(4) specifically provides that a third party having a covered claim *may* file such claim. Generally, "may" used in a statute will be given its ordinary permissive and

discretionary meaning unless it would manifestly defeat the statutory object. *County of Keith v. Triska*, 168 Neb. 1, 95 N.W.2d 350 (1959). Nor does Neb. Rev. Stat. § 44-127.01(2) (Reissue 1984) contain conflicting language. It does require a notice to be given, and then states: "Such notice shall require *claimants* to file their claims with the Department of Insurance together with proofs thereof within six months after the date of the first publication." (Emphasis supplied.) It is quite obvious that the only people required to file claims are those who choose to be claimants. Plaintiff has so chosen and is subject to the disadvantages as well as being entitled to the benefits of the act.

The plaintiff asserts that he is not a "third party" as mentioned in § 44-2406(4) and that such designation would only apply in this case to the United States, which has a subrogation claim. The provisions and intent of the statute are to the contrary. The first sentence of § 44-2406(4) designates the other two parties: (1) the insured and (2) the insolvent member insurer. A third party would obviously be a party other than those two. Such designation could not logically mean a subrogated entity in view of § 44-2403(4)(b), which covers subrogation and reads as follows: "Covered claim shall not include any amount due any reinsurer, insurer, liquidator, insurance pool, or underwriting association, as subrogation recoveries or otherwise . . . ."

The plaintiff asserts that summary judgment was premature, apparently because the matter is still being processed through the guaranty association. This position places the burden incorrectly. The filing of a claim triggers the unconditional general release. It is the burden of the plaintiff to show that at least one of the conditions subsequent has occurred. The evidence is conclusive that the association has not denied the claim, and no written demand has been made that the claim be processed in the liquidation proceedings as a claim not covered by the act. One seeking to be excluded from the operation of a statute must establish that the exception embraces him. A proviso which follows and restricts an enacting clause general in its scope should be strictly construed so as to take out of the enacting clause only those cases which are fairly within the terms of the proviso, and the burden of proof is on one claiming

the benefit of the proviso. *Johnson v. School Dist. of Wakefield*, 181 Neb. 372, 148 N.W.2d 592 (1967).

Lastly, while no specific legislative history pertaining to § 44-2406(4) is found, it appears from the language of the act that it was the intent of the Legislature to require an election of remedies by the claimant. In considering the meaning of a statute, courts should, if possible, discover legislative intent from the language of the act and give it effect. *Mitchell v. County of Douglas*, 213 Neb. 355, 329 N.W.2d 112 (1983). Some indication of intent may be gleaned from other sources. In general, the Nebraska Property and Liability Insurance Guaranty Association Act is a model act. Missouri has a similar section, Mo. Rev. Stat. § 375.785(4)(1)(a)c (Vernon Supp. 1989). Several other states have adopted similar provisions found in their insurance codes. One of these is Wisconsin, Wis. Stat. Ann. § 645.64 (West 1980). The committee comment found in the annotation sets out the rationale for the provision and states:

> This section provides for the third party claimant to make a choice between pursuing his claim against the insured and presenting his claim in the liquidation. At first blush it would seem harsh and unnecessary to force such a choice. But this is not the case. Before he has to choose, the claimant has every opportunity to determine whether the insured is individually financially responsible. If he is, the claimant can proceed against him, rather than take his chances in the liquidation. If the insured is judgment proof or of doubtful solvency, the claimant can claim in the liquidation. . . .

> . . . It is unfortunate that the innocent third party must relinquish his right against the insured in order to claim in the liquidation but in no other way is it possible to settle the matter expeditiously, efficiently and equitably. . . .

We conclude that the plaintiff has made his election and that the case was properly dismissed by the trial court.

AFFIRMED.