RICHARD W. SATTERFIELD, TRUSTEE, APPELLANT, V. KATHLEEN LUCILLE BONYHADY, APPELLEE.
446 N.W.2d 214

Filed September 29, 1989.    No. 88-163.

Dan L. McCord for appellant.

Richard A. Vestecka, of Vestecka & Buethe, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Plaintiff, Richard W. Satterfield, trustee, appeals from an order of the district court for Lancaster County granting summary judgment on the cross-petition of the defendant,

Kathleen Lucille Bonyhady, allowing her to take the remainder of a trust as a surviving child of Stanley N. Satterfield, the trust beneficiary.

Appellant Satterfield assigns as error the trial court's order granting defendant's motion for summary judgment. We affirm.

Katherine Satterfield executed her will on October 15, 1942. By the will, Frank Satterfield, her husband, was named as the beneficiary of the trust income during his lifetime. At his death, the property was to be divided among named children and grandchildren. However, in a codicil executed on June 20, 1950, Katherine Satterfield provided that the share of her son Stanley Satterfield should be held in trust for his lifetime and

> [u]pon his death the amount remaining in said fund is to be willed to his child or children *surviving him*, if any, otherwise the same is to be equally divided between those entitled to the same under subparagraph A, to those entitled to the same under subparagraph B and those entitled to the same under subparagraph C.

(Emphasis supplied.) The substitutional devisees—those under subparagraphs A, B, and C—are certain daughters and grandchildren of Katherine Satterfield. The trust in favor of Stanley Satterfield became effective on the death of Frank Satterfield on December 27, 1965.

Stanley Satterfield had no natural-born children. He and his first wife divorced in 1945; he then married Lucille Wozniak in 1958. At the time of this marriage, Lucille had a 16-year-old daughter, Kathleen, the defendant in this case.

On September 17, 1986, Stanley Satterfield, then 74 years old and some $4^1/_2$ months before his death, adopted Bonyhady, then 44 years old, pursuant to Neb. Rev. Stat. § 43-101 (Reissue 1988), which has allowed for the adoption of adult stepchildren since its amendment in 1984.

Shortly after Stanley Satterfield's death, appellant filed this action to declare that Bonyhady was ineligible to take the trust remainder as a surviving "child" of Stanley Satterfield.

Appellant's main contention is that Katherine Satterfield could not have intended an adopted adult daughter of Stanley Satterfield to come within the term "surviving child" in her

will. This contention invites us to do two things: (1) probe the mind of the testatrix to determine her intent; and (2) make distinctions between adult and minor adoptees as to the "rights, duties and other legal consequences of the natural relation of child and parent . . . ." Neb. Rev. Stat. § 43-110 (Reissue 1988).

Appellant argues that the testatrix's intent to exclude Bonyhady can be presumed because the testatrix was a stranger to the adoption, see *In re Estate of Clarke*, 125 Neb. 625, 251 N.W. 279 (1933), and because adult adoptions were not permitted by statute when the testatrix executed her will and codicil.

Among the cases that appellant cites in support of these presumptions are *Abramovic v. Brunken*, 16 Cal. App. 3d 719, 94 Cal. Rptr. 303 (1971); *Orme v. Northern Trust Co.*, 29 Ill. App. 2d 75, 172 N.E.2d 413 (1961); *First Nat. Bank of Dubuque v. Mackey*, 338 N.W.2d 361 (Iowa 1983); *In re Estate of Griswold*, 140 N.J. Super. 35, 354 A.2d 717 (1976); and *Estate of Goal*, 380 Pa. Super. 219, 551 A.2d 309 (1988).

We decline to look to the law of other states in this matter and rely instead on our own statutes and case law, and on the language in the testatrix's will.

The language and holding of *In re Trust Estate of Darling*, 219 Neb. 705, 708-09, 365 N.W.2d 821, 824 (1985), control:

> [A]n adopted child, in the absence of specific testamentary directions to the contrary, inherits from the antecedents of an adoptive parent to the same extent as do the adoptive parent's natural children.
>
> It is true, as certain of the natural children argue, that the testatrix could not have known of the adoptions, for she had both executed her will and died before they took place. Her lack of knowledge, however, is not significant. She would have been equally ignorant of any natural children sired by Darling after her death. The important point is that she had no control over who became Darling's children or by what means. She chose to benefit Darling's children. He elected to make the children produced by his fourth wife his own by adopting them. Having become his, those children qualify as beneficiaries of the testamentary trust.

Thus, the intent spelled out in Katherine Satterfield's codicil

is the intent to benefit Stanley Satterfield's children, whoever they may turn out to be. This is the plain meaning of the language, and we will go no further in guessing or assuming that Katherine Satterfield meant anything else.

The *Darling* opinion also states that it is clear that § 43-110 negates the *Clarke* holding, which appellant cites as supporting the stranger to the adoption rule.

Appellant would further have us make a distinction between adult and minor adoptees. See, *Williams v. Ward*, 15 Cal. App. 3d 381, 93 Cal. Rptr. 107 (1971); *Tafel Estate*, 449 Pa. 442, 296 A.2d 797 (1972). Section 43-101 provides that "any adult child may be adopted by the spouse of such child's parent . . . ." This statute is narrowly drawn to allow the adoption of adults only where they are stepchildren. Further, § 43-110 states:

> After a decree of adoption is entered, the usual relation of parent and child and all the rights, duties and other legal consequences of the natural relation of child and parent shall thereafter exist between such adopted child and the person or persons adopting such child and his, her or their kindred.

This statute, giving legal effect to the adoption decree as between the parties, makes no distinction between adult and minor adoptees. We refuse to infer any such distinction.

Therefore, in affirming the trial court, we hold that Bonyhady is the legally adopted child of Stanley Satterfield, and she thereby qualifies under Katherine Satterfield's codicil as a "surviving child" of Stanley Satterfield, thus making her the beneficiary of the testamentary trust.

Appellant also assigned error to the district court in granting Bonyhady's motion for summary judgment. Summary judgment shall be granted where there is no genuine issue either as to any material fact or as to the ultimate inferences to be drawn therefrom, and the moving party is entitled to judgment as a matter of law. *Peterson v. Minden Beef Co.*, 231 Neb. 18, 434 N.W.2d 681 (1989). The record shows no genuine issue as to any material fact, and this is further evidenced by both parties moving for summary judgment. Appellee was entitled to judgment as a matter of law, and the trial court was correct in granting her summary judgment.

AFFIRMED.