JOSEPHINE KRAUS, APPELLANT, V. AMERICAN CHARTER FEDERAL SAVINGS AND LOAN ASSOCIATION, APPELLEE.

483 N.W.2d 144

Filed May 1, 1992.    No. S-89-845.

Ken Dudek for appellant.

Stephen H. Nelsen, of Cline, Williams, Wright, Johnson & Oldfather, for appellee.

BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

## STATEMENT OF THE CASE

Appellant, Josephine Kraus, brought an action against appellee, American Charter Federal Savings and Loan Association, to recover $26,000, plus interest and penalties, in certificates of deposit which appellee had set off against a debt that appellant's son owed to American Charter.

## FACTS

Appellant owned six certificates of deposit to which she and her now-deceased husband had contributed 100 percent of the principal. Appellant's son's name also appeared on the certificates as joint owner.

Prior to the purchase of the two most recent CD's, appellant's son signed two promissory notes for a total principal amount of $30,000. Appellant neither signed nor guaranteed these notes. After the final two CD's were purchased, appellant signed, as codebtor, her son's third promissory note for a principal value of $49,686. Incorporated in the third note was a disclosure statement granting American

Charter a security interest in the first three CD's she purchased, collectively valued at $65,000, plus interest. The note also granted permission for the institution to use funds on deposit to set off the debt should the "entire balance of this loan" be declared due and payable.

After all three of the son's notes had been declared delinquent by American Charter, it set off the entire debt against appellant's CD's and refunded the remaining cash after satisfaction of the debt.

American Charter contended that it had a security interest in any money Kraus and her son had on deposit with American Charter to secure the indebtedness evidenced by the credit agreement and any other debts owed to American Charter by Kraus and/or her son.

The district court granted summary judgment in favor of American Charter.

### ASSIGNMENTS OF ERROR

Appellant Kraus alleges that the district court erred in both overruling appellant's motion for summary judgment and sustaining appellee's, and in determining that the security agreement signed by appellant granted appellee a right of setoff against her CD's for the debts of her son.

### DISCUSSION

Summary judgments are appropriately granted where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Peterson v. Minden Beef Co.*, 231 Neb. 18, 434 N.W.2d 681 (1989).

The security agreement, which both Kraus and her son signed, is patently unambiguous in its terms. It stated, in pertinent part:

If I miss a payment or violate one of the terms of this agreement, you can declare the entire balance of this loan due and payable at once. . . .

. . . If you declare the entire balance of this loan due, funds which I have on deposit with you can be used to pay what I owe.

As we have stated, when a written contract is expressed in unambiguous language, the intention of the parties must be

determined from the content of the contract document. See *Clemens Mobile Homes, Inc. v. Anderson*, 206 Neb. 58, 291 N.W.2d 238 (1980). Both provisions are unambiguous standing on their own; however, they are clarified even further by the following definitional section within the agreement:

> ACCELERATION: If I am in default, you may declare to be immediately due and payable the remaining balance of this loan and accrued interest, plus any unpaid Late Charges, to be paid by me under this Note and Security Agreement. I agree that default on this loan shall constitute default on all of my obligations to American Charter . . . regardless of payment status on those other accounts.
>
> MEANING OF WORDS: The words, "I", "me", and "my", mean each and all who sign this Note as Borrower and all those who sign this Note and Security Agreement as guarantor. The words "you", "your", and "yours" mean American Charter . . . .

Kraus agreed to pledge her funds held on deposit with American Charter, and the provisions are clear and legally binding on her. It is unfortunate that Kraus did not understand the consequences and ramifications of cosigning for her son's debt.

We affirm the decision of the district court in its entirety.

AFFIRMED.

HASTINGS, C.J., not participating.