CLARA MALZAHN AND LEE MALZAHN, APPELLANTS, V. THE
TRANSIT AUTHORITY OF THE CITY OF OMAHA, DOING BUSINESS AS
METRO AREA TRANSIT, APPELLEE.

507 N.W.2d 289

Filed October 29, 1993.   No. S-91-712.

John J. Higgins for appellants.

Timothy M. Kenny and Sandra L. Maass, of Abrahams,
Kaslow & Cassman, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE,
FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

HASTINGS, C.J.

This action was filed pursuant to the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. (Reissue 1987), to recover damages for personal injuries and loss of consortium alleged to have been suffered by reason of the alleged negligence of defendant. On June 11, 1991, the district court sustained defendant's demurrer to the second amended petition for failure to state facts sufficient to constitute a cause of action, based on plaintiffs' failure to comply with the procedural requirements of § 13-906. Upon plaintiffs' failure to amend their petition within the time provided by the court, the action was dismissed. Plaintiffs appeal; we reverse, and remand for further proceedings.

In considering a demurrer, a court must assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Gallion v. Woytassek, ante* p. 15, 504 N.W.2d 76 (1993); *Hamilton v. City of Omaha*, 243 Neb. 253, 498 N.W.2d 555 (1993).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent correct conclusion irrespective of the determination made by the court below. *In re Application of City of Lexington, ante* p. 62, 504 N.W.2d 532 (1993); *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993).

According to plaintiffs' petition, Clara Malzahn suffered personal injuries while attempting to exit a Metro Area Transit bus on February 13, 1989. Various allegations of negligence on the part of defendant were made.

On January 25, 1990, Clara and Lee Malzahn filed a claim with the board of directors of Metro Area Transit, pursuant to § 13-905 of the Political Subdivisions Tort Claims Act. On February 4, 1991, plaintiffs filed a petition in the district court for Douglas County against Metro Area Transit. On February 12, plaintiffs filed an amended petition, joining The Transit

Authority of the City of Omaha as an "additional" defendant. A second amended petition was filed on April 17 against The Transit Authority of the City of Omaha, doing business as Metro Area Transit. Defendant demurred to that petition, stating:

Plaintiffs' petition does not state facts sufficient to constitute a cause of action for the reason that plaintiffs fail to allege compliance with the procedural requirements of the Nebraska Political Subdivision's [sic] Tort Claims Act, Neb. Rev. Stat. §13-901 et seq. (Reissue 1987) for their failure to allege written notice of their withdrawal of their claims as required by Neb. Rev. Stat. §13-906 (Reissue 1987) . . . .

Following a hearing, the court sustained the demurrer and gave plaintiffs 2 weeks to further amend their petition, and on their failure to do so, the court dismissed the action on June 27, 1991.

On appeal, plaintiffs assign as error the sustaining of the demurrer and the dismissal of the action.

In their second amended petition, plaintiffs alleged, in pertinent part:

2. That on or about January 25, 1990, Plaintiffs filed a written claim for injuries with the Transit Authority of the City of Omaha, d/b/a Metro Area Transit, for personal injuries, medical expenses, pain and suffering, past and future loss of earning capacity, together with a claim by Lee Malzahn, for loss of society, companionship, and consortium. . . .

3. That Plaintiffs further allege that more than six (6) months have elasped [sic] since the filing of the aforesaid claim, but no action has been taken by Defendant to provide compensation to Plaintiff[s] for the injuries as hereinafter alleged.

4. Plaintiffs further allege that the failure to take any action on Plaintiffs' claim for a period of more than one year after the filing of the same operates as a denial of the claim, by operation of law, and Plaintiffs have therefore filed the aforesaid action against Defendant Transit Authority of the City of Omaha, d/b/a Metro Area

Transit.

Thus, the question is whether the giving of specific or separate written notice to a political subdivision by a claimant of the latter's withdrawal of his or her claim from consideration by the political subdivision is a prerequisite to the commencement of a suit under the Political Subdivisions Tort Claims Act.

Plaintiffs alleged in their petition that the failure of defendant to act on the claim was a denial of the claim by operation of law. However, on appeal plaintiffs argue that the filing of their petition constituted written notice of withdrawal of their claim.

In arguing that the district court erred in sustaining defendant's demurrer, plaintiffs first contend that the language of § 13-906 is vague and ambiguous. That section states:

> *No suit shall be permitted* under this act unless the governing body of the political subdivision has made final disposition of the claim, *except that* if the governing body does not make final disposition of a claim within six months after it is filed, the claimant *may*, by notice in writing, withdraw the claim from consideration of the governing body and begin suit under this act.

(Emphasis supplied.) Plaintiffs assert that the word "may" indicates that claimants have some type of choice, and that it is not easily discernible from the statute what that choice involves.

Generally, "may" used in a statute will be given its ordinary permissive and discretionary meaning unless it would manifestly defeat the statutory objective. *Peterson v. Minden Beef Co.*, 231 Neb. 18, 434 N.W.2d 681 (1989).

Plaintiffs here suggest that the choice could be between making a telephone call or sending written notice. However, the plain meaning of the statute indicates that if the governing body does not make final disposition of the claim within 6 months, the claimants' choice is that they *may* withdraw the claim and begin suit or that they *may* not withdraw the claim and begin suit; the modifying phrase "by notice in writing" simply directs claimants on how to withdraw the claim, should they desire to do so and begin suit.

In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; when the words of a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged to ascertain their meaning. *In re Application of City of Lexington, ante* p. 62, 504 N.W.2d 532 (1993); *In re Application of City of Lincoln*, 243 Neb. 458, 500 N.W.2d 183 (1993).

However, plaintiffs further contend that even if written notice must be provided, the statute is ambiguous because it does not specify what *type* of written notice will suffice. Accordingly, arguing that notice requirements of the act are to be construed liberally, they assert that a petition and service of summons will satisfy the requirements of the statute.

In *Chicago Lumber Co. v. School Dist. No. 71*, 227 Neb. 355, 417 N.W.2d 757 (1988), we examined the issue of compliance with the notice requirements of Neb. Rev. Stat. § 23-2404 (Reissue 1983), the predecessor of § 13-905, which provides that all claims presented to a governing body must be in writing and must state the time and place of the occurrence giving rise to the claim. We found:

The purpose of § 23-2404 [now § 13-905] is not to require a statement of fact to the extent that the governmental subdivision's absolute liability is verbally demonstrated in the documentary or written claim. Rather, the written claim required by § 23-2404 notifies a political subdivision concerning possible liability for its relatively recent act or omission, provides an opportunity for the political subdivision to investigate and obtain information about its allegedly tortious conduct, and enables the political subdivision to decide whether to pay the claimant's demand or defend the litigation predicated on the claim made. . . .

We hold, therefore, that the notice requirements for a claim filed pursuant to the Political Subdivisions Tort Claims Act are liberally construed so that one with a meritorious claim may not be denied relief as the result of some technical noncompliance with the formal prescriptions of the act. . . . Therefore, substantial compliance with the statutory provisions pertaining to a

claim's content supplies the requisite and sufficient notice to a political subdivision in accordance with § 23-2404, when the lack of compliance has caused no prejudice to the political subdivision.

(Citations omitted.) 227 Neb. at 368-69, 417 N.W.2d at 765-66.

While in *Chicago Lumber Co.* we dealt with the content of notice required by the predecessor of § 13-905, the fact that in this case we are dealing with the form of notice under § 13-906 should make no difference. We can perceive no notable distinction between an objection to the content of a notice and one to the nature of a notice of withdrawal. The objective of the statute has been reached in this case. Defendant had notice of the claim for approximately 1 year and had ample time to "investigate and obtain information about its allegedly tortious conduct, [so as to enable] the political subdivision to decide whether to pay the claimant's demand or defend the litigation predicated on the claim made." No clearer expression of the intent of a claimant to withdraw his or her claim and to begin suit can be manifested than the actual filing of the petition.

Absent any consideration of the statute of limitations, we hold that the filing of a petition is substantial compliance with the terms of § 13-906 as to the withdrawal of a claim from consideration. See, also, *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990).

We reverse the judgments of the district court sustaining defendant's demurrer and dismissing the petition and remand the cause for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

SHANAHAN, J., not participating.

WHITE, J., concurring.

"[N]o political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and . . . *no suit shall be maintained against such political subdivision on any tort claim except to the extent, and only to the extent, provided by [statute].*" (Emphasis supplied.) Neb. Rev. Stat. § 13-902 (Reissue 1987) (outlining the legislative purpose and extent of the Political Subdivisions Tort Claims Act).

In *Millman v. County of Butler*, 235 Neb. 915, 458 N.W.2d 207 (1990), this court overruled precedent and subjected a political subdivision to liability beyond the strict terms of the act. See *id.* (Fahrnbruch, J., dissenting). While I continue to adhere to the reasoning of the dissent, for the sake of establishing unanimity of the court's holdings in tort claim litigation, I concur in the result only.

FAHRNBRUCH, J., joins in this concurrence.