REQUESTED BY: Roberta S. Stick, Executive Director Nebraska Equal Opportunity Commission
You have asked our opinion regarding the number of votes required by Nebraska law for any proposed action of the Commission (NEOC).
Voting requirements are set forth in Neb. Rev. Stat. §48-1116 (1993) which states that "any action of the commission shall require at least four votes."
We conclude that this statutory language clearly requires four affirmative votes on any issue upon which the Commission votes in order to implement the action.
"Statutory language should be given its plain and ordinary meaning and where the words of a statute are plain, direct, and unambiguous, no interpretation is necessary to ascertain their meaning." Peterson v. Minden Beef Co.,231 Neb. 18, 20 (1989); Sorenson v. Meyer, 220 Neb. 457,462 (1985). The phrase "at least" is defined as meaning "at a minimum" or "the smallest degree." American Heritage Dictionary 1025 (3d ed. 1992). Looking to the plain and ordinary meaning of this phrase, it is clear that four affirmative votes are the fewest possible number of votes required to pass any action before the Commission. To determine that fewer than four affirmative votes are enough would be to ignore the purpose of using the phrase "at least" to describe the requisite number of votes. As the Supreme Court of Nebraska advised in Meyersv. Meyers, 222 Neb. 370, 375 (1986), a statute is open to construction only if it is ambiguous; it is inappropriate to ascribe a contrary purpose or interpretation to the language of the law. Four votes, in the form of three in favor and one opposing, contravenes the meaning of the provision. If a majority of a quorum of the voting members was all that the statutory language required, the statute would have stated that a majority of the quorum is sufficient. Instead the statute states that four votes are required.
In Nemaha Natural Resources Dist. v. Neeman,210 Neb. 442, 453 (1982), the Supreme Court of Nebraska determined that an abstention will not be counted as an affirmative vote in determining whether or not a proposition has received the required number of votes. While the number of voters is not the issue, there must be a least four affirmative votes from the Commissioners who do not abstain from casting their vote upon the action before them.
Further, that four affirmative votes are required to pass any action of the Commission is clear due to the rules of voting in absence of a statutory provision. In the absence of a contrary statutory provision, the general rule is that a majority of a quorum which constitutes a simple majority of a collective body may act for that body. Jeter v. Board ofEduc., 231 Neb. 80, 83 (1989); Chase v. Board ofTrustees, 194 Neb. 688, 692 (1975); Houser v.School Dist. of South Sioux City, 189 Neb. 323, 326 (1972). Section 48-1116 provides that four members of the seven member commission constitute a quorum for the purpose of conducting business. Without statutory language to the contrary, a majority of that quorum, or three affirmative votes, could pass an action. However, as discussed above the plain meaning of the statute requires at least four affirmative votes in order to implement an action. The Legislature included language in the Fair Employment Practice Act contrary to the general rule thus requiring the Commission to pass any action with a minimum of four affirmative votes.
Sincerely yours,
 DON STENBERG Attorney General
 Alfonza Whitaker Assistant Attorney General
APPROVED BY:
Don Stenberg
Attorney General